IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LISA FERLAINO and JAMES FERLAINO, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | No. CIV-20-939-C |
| CROSSLAND CONSTRUCTION COMPANY, INC., and JOHN DOE, | ) ) ) | |
| Defendants | ) ) | |
| COMPSOURCE MUTUAL INSURANCE CO., | ) ) ) | |
| Intervenor. | ) | |

MEMORANDUM OPINION AND ORDER

On August 20, 2018, Plaintiff Lisa Ferlaino was working as a dump truck driver at

a construction site in Edmond, Oklahoma.   According to Plaintiffs, Lisa was injured when

an employee of Crossland Heavy Contractors ("Heavy") was using an excavator to remove

debris from the construction site to Lisa's dump truck.   On August 20, 2020, Plaintiffs

filed this action naming as Defendant Crossland Construction Company, Inc.

("Construction").   Plaintiffs now seek leave to amend their Complaint to substitute Heavy

for Construction.   Construction objects, arguing the statute of limitations has run and that

the error in naming the proper Defendant was not a mere scrivener's error and therefore

the substitution cannot relate back rendering Plaintiffs' claim against Heavy outside the

limitations period.

Plaintiffs' Motion is governed by Fed. R. Civ. P. 15(c)(1)(B) and (C).   The relevant portion of the Rule states:

> An amendment to a pleading relates back to the date of the original pleading when:
>
> > . . . .
>
> > (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
>
> > (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> > > (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> > > (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

The Tenth Circuit has established three elements which must be met before an amended pleading relates back:  "(1) same transaction or occurrence; (2) the new party had notice of the action, prior to the expiration of the statute of limitations; and (3) he knew or should have known that but for a mistake in identity the action would have been brought against him."   Watson v. Unipress, Inc., 733 F.2d 1386, 1390 (10th Cir. 1984).   The parties spend a great deal of time disputing when or how Plaintiffs could have or should have known the identity of the proper defendant.   However, the Supreme Court has made clear that a plaintiff's knowledge is not the relevant inquiry.   "We hold that relation back under Rule 15(c)(1)(C) depends on what the party to be added knew or should have known,

2

not on the amending party's knowledge or its timeliness in seeking to amend the pleading."

Krupski v. Costa Crociere S. p. A., 560 U.S. 538, 541 (2010).   Thus, the proper inquiry is

what Heavy knew or should have known.   At this stage, that determination is made based

on the allegations in Plaintiffs' Petition, viewing those allegations in the light most

favorable to Plaintiffs.   When viewed in that manner, prior to the filing of this action,

Heavy was aware that its employee was involved in an incident where Plaintiff Lisa

Ferlaino was injured.   Based on evidence presented by the parties, it is clear that at the

time of filing the lawsuit Construction and Heavy shared the same address and phone

number and were presented on the internet as part of the same family of companies.

Viewing these facts in the light most favorable to Plaintiffs, Heavy knew or should have

known "that it was the proper defendant and would have been sued but for a mistake

concerning the identity of the proper party[.]"   Anderson v. Deere & Co., 852 F.2d 1244,

1247 (10th Cir. 1988) (internal citation marks omitted).   This view of the facts is supported

by the Supreme Court's explanation of the purpose of the relation back doctrine.   As

explained by the Supreme Court:

> the purpose of relation back:  to balance the interests of the defendant
> protected by the statute of limitations with the preference expressed in the
> Federal Rules of Civil Procedure in general, and Rule 15 in particular, for
> resolving disputes on their merits. *See*, *e.g.*, Advisory Committee's 1966
> Notes 122; 3 Moore's Federal Practice §§ 15.02[1], 15.19[3][a] (3d ed.2009).
> A prospective defendant who legitimately believed that the limitations period
> had passed without any attempt to sue him has a strong interest in repose.
> But repose would be a windfall for a prospective defendant who understood,
> or who should have understood, that he escaped suit during the limitations
> period only because the plaintiff misunderstood a crucial fact about his
> identity.   Because a plaintiff's knowledge of the existence of a party does

3

not foreclose the possibility that she has made a mistake of identity about which that party should have been aware, such knowledge does not support that party's interest in repose.

Krupski, 560 U.S. at 550.   Heavy can, of course, challenge what it knew or should have known with a properly supported Motion for Summary Judgment.   However, at this stage, the Court finds Plaintiffs have established the elements required to substitute Heavy for Construction and for that substitution to relate back to the date of filing the Petition.

Construction has filed a Motion to Dismiss arguing that based on Plaintiffs' assertions it is not a proper party Defendant and should be dismissed.   The ruling herein renders this request moot, as Construction will be removed from the litigation upon Plaintiffs filing their Amended Complaint

As set forth more fully herein, Plaintiffs' Motion for Leave of Court to Amend Complaint to Substitute Parties (Dkt. No. 12) is GRANTED.   Defendant Crossland Construction Company, Inc.'s Motion to Dismiss (Dkt. No. 15) is STRICKEN as moot. Plaintiffs shall file their Amended Complaint within 10 days of the date of this Order.

IT IS SO ORDERED this 18th day of December, 2020.


ROBIN J. CAUTHRON
United States District Judge