IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LISA FERLAINO and JAMES FERLAINO, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> CROSSLAND HEAVY CONTRACTORS, ) <br> INC.; and BRETT HYDE, ) <br> ) <br> Defendants ) <br> ) <br> COMPSOURCE MUTUAL ) <br> INSURANCE CO., ) <br> ) <br> Intervenor. ) | No. CIV-20-939-C |

MEMORANDUM OPINION AND ORDER

On August 20, 2018, Plaintiff Lisa Ferlaino was working as a dump truck driver at a construction site in Edmond, Oklahoma. According to Plaintiffs, Lisa was injured when an employee of Crossland Heavy Contractors ("Heavy") was using an excavator to remove debris from the construction site to Lisa's dump truck. Plaintiffs raise a number of claims against Defendants. Moving pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Heavy seeks dismissal of the direct liability and negligent entrustment claims brought by Plaintiffs. Defendant Heavy argues that the direct liability claims are duplicative, and that the negligent entrustment claim is not factually supported.

Defendant Heavy argues that Plaintiffs' direct liability claims against it are premised solely on alleged failures in its supervision of Defendant Hyde. Relying on Jordan v. Cates, 1997 OK9, 935 P.2d 289, Defendant Heavy argues its stipulation that Defendant Hyde was acting in the course and scope of his employment renders the claims against it superfluous. Plaintiffs concede that they are not bringing separate claims for negligent hiring, retention, training, supervision, or any related issue. Rather, those issues are merely components of the negligent entrustment claim. As for the negligent entrustment claim, Defendant Heavy argues that Plaintiffs do not plead any facts demonstrating either Defendant Hyde's safety history or propensity to operate equipment in an unsafe manner. Further, Defendant Heavy argues the Amended Complaint fails to allege it knew or should have known of the shortcomings of Defendant Hyde.

After consideration, the Court finds that Defendant Heavy's Motion should be denied. As the Oklahoma Supreme Court noted in Fox v. Mize, 2018 OK 75, 428 P.3d 314, a party may present and litigate inconsistent theories of recovery. Id. at ¶ 12. Thus, dismissal of the direct negligent claims is not proper at this time. As for the negligent entrustment claims, Plaintiffs could certainly have pleaded additional facts. However, the Court finds the allegations, even in their present state, apprise Defendant Heavy of Plaintiffs' claims and state a plausible claim for relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

As set forth more fully herein, Defendant Crossland Heavy Contractors, Inc.'s Motion to Dismiss Plaintiffs' Direct Liability and Negligent Entrustment Claims (Dkt. No. 38) is DENIED.

IT IS SO ORDERED this 4<u>th</u> day of June 2021.

ROBIN J. CAUTHRON
United States District Judge