IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LISA FERLAINO and JAMES FERLAINO, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | No. CIV-20-939-C |
| CROSSLAND HEAVY CONTRACTORS, INC.; and BRETT HYDE, | ) ) ) ) | |
| Defendants | ) ) | |
| COMPSOURCE MUTUAL INSURANCE CO., | ) ) ) | |
| Intervenor. | ) | |

MEMORANDUM OPINION AND ORDER

On August 20, 2018, Plaintiff Lisa Ferlaino was working as a dump truck driver at a construction site in Edmond, Oklahoma. According to Plaintiffs, Lisa was injured when an employee of Crossland Heavy Contractors ("Heavy"), Defendant Brett Hyde was using an excavator to remove debris from the construction site next to Lisa's dump truck. Plaintiffs filed this action on August 20, 2020. That Petition did not name Defendant Hyde, but rather named John Doe in his place. That action was removed to this Court and on May 3, 2021, Plaintiffs for the first time filed an Amended Complaint naming Defendant Hyde. Defendant Hyde now seeks dismissal of the claims against him, arguing the statute of limitations expired prior to Plaintiffs naming him as a defendant in this action.

Plaintiffs argue Defendant Hyde's Motion should be denied as equitable tolling should apply.

The parties are in agreement that the applicable statute of limitations is two years. See 12 Okla. Stat. § 95(A)(3). Defendant Hyde argues that Plaintiffs' use of the John Doe placeholder is inadequate to toll expiration of the limitations period. Plaintiffs do not dispute this argument. Rather, Plaintiffs argue that the limitations period should be tolled because Plaintiff Lisa suffered a traumatic brain injury and as a result was under a legal disability and/or that Defendants Heavy and Hyde acted to fraudulently conceal Defendant Hyde's identity. Plaintiffs argue that under either scenario the limitation period was equitably tolled and Defendant Hyde's Motion should be denied.

In response to Defendant Hyde's Motion, Plaintiff Lisa has provided medical records which she alleges demonstrate she was legally disabled from the date of the incident until at least the date of the medical records, January 25, 2019. As the plaintiffs seek application of the tolling doctrine, they bear the burden of proving they are entitled to tolling. See Owens v. Luckett, 1943 OK 264, ¶ 5, 139 P.2d 806, 807. Review of the medical records provided by Plaintiffs fail to support their argument. At most, those records demonstrate that Plaintiff Lisa is suffering from "cognitive problems." See Dkt. No. 46, Ex. 5. The Oklahoma Supreme Court has set forth the standard for establishing legal disability: "legal disability', as the phrase is used in 12 O.S. 1961 § 94, relating to tolling of limitations in action to recover real estate, it must be shown that grantor's mental condition at time of conveyance was such that he did not understand the nature or legal

effect of his act." Roberts v. Stith, 1963 OK 74, ¶ 0, 383 P.2d 14, 15. The proof offered by Plaintiffs here fails to meet this standard. Thus, the limitations period was not tolled by Plaintiff Lisa's traumatic brain injury.

Alternatively, Plaintiffs argue the limitation period should be tolled due to Defendants' false, fraudulent, or misleading conduct. As the basis for this argument Plaintiffs note that as their counsel was preparing the Petition in this matter, he called Defendant Heavy to inquire regarding Defendant Hyde's identity and was refused this information. Plaintiffs' argument does not set forth actions of Defendant within the scope of the fraudulent concealment doctrine. Rather, that doctrine exists to prevent a defendant from concealing the existence of a wrong. See Masquat v. DaimlerChrysler Corp., 2008 OK 67, ¶ 18, 195 P.3d 48, 55 ("'One relying on fraudulent concealment to toll the statute of limitations must not only show that he did not know the facts constituting a cause of action, but that he exercised reasonable diligence to ascertain said facts.'") (quoting Kansas City Life Ins. v. Nipper, 1935 OK 1120, ¶ 0, 51 P.2d 741, 742, Syl. No. 9). Here, Plaintiffs were clearly aware a wrong had occurred. Thus, no action of Defendant constituted fraudulent concealment.

Plaintiffs request that if the Court decides to grant Defendant Hyde's Motion that they be permitted to file an Amended Complaint. Plaintiffs' request will be denied as any Amended Complaint would be futile.

As set forth more fully herein, Defendant Brett Hyde's Motion to Dismiss Plaintiffs' Second Amended Complaint (Dkt. No. 43) is GRANTED. Plaintiffs' claims against

Defendant Hyde are DISMISSED with prejudice. A separate judgment will issue at the close of the case.

IT IS SO ORDERED this 24th day of June 2021.

ROBIN J. CAUTHRON
United States District Judge