## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LISA FERLAINO and<br>JAMES FERLAINO, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. CIV-20-939-C |
| | ) | |
| CROSSLAND HEAVY<br>CONTRACTORS, INC., | ) | |
| | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| COMPSOURCE MUTUAL<br>INSURANCE CO., | ) | |
| | ) | |
| | ) | |
| Intervenor. | ) | |

## AGREED PROTECTIVE ORDER

Plaintiffs Lisa Ferlaino and James Ferlaino, Defendant Crossland Heavy Contractors, Inc., and Intervenor CompSource Mutual Insurance, Co. jointly stipulate and hereby advise the Court they have entered into the following Agreed Protective Order with regard to certain protected documents, records, and information, as follows:

**IT IS ORDERED** that any document produced in this litigation which is subject to protection as noted herein, where the producing party (including non-party) has asserted a privacy, privilege, or proprietary interest in the document or where the document contains information involving the personal or privacy rights of individuals or third-parties/non-parties to this litigation and/or for which the Court has ordered that a Protective Order shall issue, the following terms apply:

1.       Any party may designate as "confidential" any documents, or any portion of a document produced by it in this litigation.  The party making the designation of confidential material

represents that it has done so after a bona fide determination made in good faith that the material is in fact confidential research, development, or commercial information, or personal confidential information.  Each document or portion of a document the party in good faith believes to contain confidential, privileged, confidential research, development, or commercial information shall be marked "Confidential" or "Subject to Protective Order."  The party shall take care that is designation does not obscure or render illegible the information on the document to be designated.

2.      Any party may designate as "confidential" a deposition or portion of a deposition taken in this matter by stating on the record that the party is designating the deposition or a portion of the deposition "confidential" or by advising the court reporter and counsel for all other parties, in writing, within twenty (20) days of receiving the deposition transcript of the page(s) and lines of the deposition that the party deems "confidential."

3.      As used in this Protective Order:

a.      "Confidential research, development or commercial information" shall refer to information that is maintained in secrecy from third parties and which would result in substantial competitive harm if publicly disclosed.

b.      "Personal confidential information" shall include a person's social security number, medical records, personnel file, bank records, financial, or tax information, and other sensitive, non-public information.

4.      Any party may challenge any other party's designation of a document or portion of a document as "Confidential" or "Subject to Protective Order."  A party shall not be obliged to challenge the propriety of a "Confidential" or "Subject to Protective Order" designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto.  In the event that any party to this litigation takes issue at any stage of these proceedings with such designation, such party

2

shall provide to the producing party (including non-parties) written notice of its disagreement with the designation.  The parties shall first try to dispose of such dispute in good faith on an informal basis.  The party who is challenging the designation shall allow the producing party twenty-one days to respond before seeking relief from the Court.  If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court.  Any document so designated as confidential by the producing party shall retain its confidential designation until the Court rules on the challenging party's objection.  The fact a document has been designated as "Confidential" or "Subject to Protective Order" shall not create a presumption that the document is, in fact confidential or entitled to protection by this Protective Order, unless such confidentiality and subjection to the Protective Order has been so ordered by the Court.  The burden of establishing that a document contains confidential information, confidential research, development or commercial information, or personal confidential information and is entitled to the protection of this Protective Order shall remain on the party making the designation, unless so ordered or designated by the Court. Further, a party's agreement to this Protective Order does not prejudice the party's right to move the Court to lift the Protective Order for good cause.

5.      Documents designated as "Confidential" or "Subject to Protective Order" may be disclosed only to the following persons unless prior written consent to further disclosure has been obtained from counsel for the designating party or permission for such disclosure has been given by the Court:

a.   The Court under seal pursuant to the terms of this Order;

b.   The attorneys working on this action on behalf of any party, including inside, outside and consulting counsel, their legal associates, paralegals, and employees working under the supervision of such counsel;

c.  Any director, officer or employee of a party who is required by such party to work directly on this litigation, with disclosure only to the extent necessary to perform such work;

d.  Any person not employed by a party who is expressly retained or sought to be retained by any attorney described in paragraph 4(b) to assist in prosecution or defense of this action, including outside experts and their employees;

e.  Any actual or potential deposition or trial witnesses; and

f.  Any mediator mutually agreed upon by the parties.

The persons described in paragraphs (c), (d), and (e) shall have access to Confidential material only after they have been made aware of the terms of this Order and have manifested their assent to be bound thereby.

6.      The recipient of any document designated as "Confidential" or "Subject to Protective Order" shall maintain such document in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to this/her/its own confidential information. Such Confidential documents, and all copies, summaries, compilations, notes and abstracts thereof, shall be used exclusively in this litigation to the extent necessary to litigate the claims and defenses in this litigation and for no other purpose.

7.      Any material designated as "Confidential" or "Subject to Protective Order" under this Order shall, when filed with the Court, be submitted in a sealed envelope or other container, and shall be prominently labeled on the first page: "Contains Confidential Information Subject to Protective Order." In the event that any "Confidential" material or material "Subject to Protective

Order" is used in any deposition, filing or court proceeding during the course of this litigation, it shall not lose its "Confidential" status through such use. All requests made by a party for a document to be filed "under seal" in accordance with this Order shall be made by motion and conform to the requirements set forth in 12 O.S. § 3226(c)(2) and 51 O.S. § 24A.29.

8.      This Protective Order is not intended to preclude use or disclosure of any document or information which is in the public domain, or which has been provided to a party, his/her/its attorneys or experts, by a source independent of the designating party or his/her/its attorney.

9.      Nothing in this Order shall preclude any party to this action or their attorneys (i) from showing a document designated as "Confidential" to an individual who either prepared or reviewed the document prior to the filing of this action, or (ii) from disclosing or using, in any manner or for any purpose, any information or documents from the party's own filed which the party itself as designated as "Confidential."

10.     Nothing contained in this Order, nor any action taken in compliance with it, shall (i) operate as an admission by any party that any particular document or information is, or isn't confidential; or (ii) prejudice in any way the right or any party to seek a Court determination of whether or not particular information should or may not be disclosed, or, if disclosed, whether or not it should remain subject to the terms of this Order.

11.     Any of the undersigned may request the Court to modify or otherwise grant relief from any provision of this Order. Nothing in this Order shall operate as an admission by any party that any particular document is, or is not, admissible in evidence at the trial of this action.

12.     Nothing in this Order shall be construed as a waiver of any rights by any party with respect to matters not specifically provided for herein.

13.     Inadvertent or Unintentional Production.

a.   The inadvertent or unintentional production of discovery materials without a confidentiality designation shall not be deemed a waiver in whole or in part of a party's (or non-party's) claim of confidential treatment under the terms of his Order.  Any document that initially is produced without bearing a confidentiality designation may later be so designated, with respect to future disclosure by the producing party, and the receiving party shall make all reasonable efforts to retrieve all copies, if any, of such document disclosed to persons other than those authorized in Section 4(a)-(f) of this Order hereof and to prevent further use or disclosure of confidential information therein by such persons.

b.   If information subject to a claim of attorney-client privilege, attorney work product or any other legal privilege protecting information from discovery is inadvertently produced to a party or parties, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product or other ground for withholding production to which the producing party or other person otherwise would be entitled.  If a claim of inadvertent production is made pursuant to this Section, with respect to information then in the custody of another party, such party promptly shall return to the claiming party or person that material and all copies or reproduction thereof as to which the claim of inadvertent production has been made, shall destroy all notes or other work produce reflecting the contents of such material, and shall delete such material from any litigation-support or other database.  The provisions of this Section shall not be deemed to prevent

any party from seeking an order compelling production of any document or information, including documents or information contained in documents that are returned as a result of a claim of inadvertent production.

14.     Upon the conclusion of this action, the attorney for any person who has received another party or person's material designated pursuant to this Order ("receiving party") shall cause all copies of that material in the possession or control of the receiving party or his or her counsel to be returned to the producing party within 120 days after the entry of final judgment, from which no appeal has been or can be taken, or as otherwise agreed to by the parties. Counsel for the receiving party shall secure all protected documents provided to any witnesses or third parties upon conclusion of the case. Counsel for the receiving party shall personally provide written confirmation to the producing party that return has been completed. In the alternative, with the consent of the producing party or person, the material may be destroyed, subject to the terms of this Section. In addition, all notes, abstracts or summaries of designated materials produced by other parties shall be treated and maintained in confidence by the counsel of record pursuant to the terms of this Order if said notes, abstracts or summaries of designated materials contain direct quotations from designated materials.

15.     This Court shall retain jurisdiction to enforce this Protective Order and decide any issues relating to or arising from it. If the terms of this Protective Order are violated, the Court may grant such relief to the producing party as is just and necessary.

16.     The terms and conditions of this Order shall remain in full force and effect and shall survive the final resolution of this litigation unless this Order is terminated or modified in writing by the parties or by further order of the Court.

**IT IS SO ORDERED** this <u>8</u> day of November 2021.

ROBIN J. CAUTHRON
United States District Judge

Approved by as to form:


s/Thomas A. Paruolo
_____
Thomas A. Paruolo, OBA # 18442
Derek Cowan, OBA # 31525
DEWITT, PARUOLO & MEEK
P.O. Box 138800
Oklahoma City, OK 73113
Telephone:  405/705-3600
Facsimile:  405/705-2573
tom@46legal.com
dcowan@46legal.com
**Attorneys for Defendant**


s/Kenyatta Bethea
_____
*(Signed by Filing Attorney With Permission)*
Kenyatta R. Bethea, OBA #18650
HOLLOWAY BETHEA & OTHERS
3035 N.W. 63rd Street, Suite 102N
Oklahoma City, OK  73116
Telephone:  (405) 246-0600
Facsimile:   (405) 810-4080
kbethea@hbolaw.com
**Attorney for Plaintiffs**


s/Adam W. Christensen
_____
(*Signed by Filing Attorney with Permission*)
Adam W. Christensen, OBA #30523
CHRISTENSEN LAW, P.L.L.C.
3401 N.W. 63rd Street, Suite 611
Oklahoma City, OK  73116
(405) 239-2121  Telephone
(405) 236-1012  Facsimile
adam@christensen.law
**Attorneys for Intervenor,**
**CompSource Mutual Ins. Co.**